UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **FAYE BEATRICE HAYES,** *Plaintiff,* v. **MARYLAND TRANSIT ADMINISTRATION,** *et al.*, *Defendants.* | Civil No. 1:23-cv-01195-JRR |

**MEMORANDUM OPINION**

Plaintiff Faye Beatrice Hayes brings this *pro se* action against Defendants Maryland Transit Administration ("MTA"), Holly Arnold, and Veronica Lowe (collectively, "Defendants"), alleging violations of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112, *et seq.*; the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*; and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.*

Pending before the court are Plaintiff's Motion to Alter or Amend the Judgment (ECF No. 6) and Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment. (ECF No. 16; the "Motion to Dismiss")  The court has reviewed all papers. No hearing is necessary. Local Rule 105. (D. Md. 2023).

**I.     BACKGROUND[1]**

On July 27, 1994, Plaintiff began working at MTA as a Bus Operator. (ECF No. 1-1 ¶ 2.) On September 19, 2005, Plaintiff was promoted to the Bus Supervision team. *Id.* Plaintiff alleges that during the course of her employment, she became disabled due to multiple back surgeries. *Id.*

---

[1] For purposes of this memorandum, the court accepts as true the well-pled facts set forth in the Complaint. (ECF No. 5.)

¶ 3.  Plaintiff's last back surgery took place on July 11, 2014.  *Id.* ¶ 5.  Plaintiff alleges that in November 2014, she was told to return to work on December 3, 2014, or take a medical pension.  *Id.*  On December 3, 2014, Plaintiff returned to work at the Bus Supervision Control Center as a controller.  *Id.*

On October 14, 2015, Plaintiff submitted a request for an ergonomic chair as a reasonable accommodation for her disability.  (ECF No. 1-1 ¶ 6.)  On September 7, 2016, Plaintiff received an ergonomic chair.  *Id.* ¶ 8.  Plaintiff alleges that the delay in receiving her ADA accommodation caused further damage to her back and forced her to apply for FMLA to accommodate her inability to report to work on time.  *Id.* ¶ 7.  After having first been denied on April 13, 2016, on April 21, 2016, Plaintiff's FMLA request was approved through April 21, 2017.  *Id.*

On November 12, 2016, Plaintiff called out of work, utilizing her FMLA leave.  (ECF No. 1-1 ¶ 13.)  On November 15, 2016, when Plaintiff returned to work, she was called into a meeting where three managers claimed that they had reason to believe Plaintiff had gone to a social event on November 12, 2016, after she called out of work due to her disability.  *Id.* ¶¶ 15-16.  Plaintiff alleges that on November 18, 2016, a conference call was held regarding Plaintiff's inappropriate use of FMLA and making a false statement to management.  (ECF No. 1-1 ¶ 22.)  Plaintiff alleges that on November 29, 2016, she was terminated.[2]  *Id.* ¶ 26.

Subsequently, on December 14, 2016, Plaintiff received a letter from MTA dated December 9, 2016, advising she was suspended for 5 days for "falsifying FMLA."  (ECF No. 1-1 ¶ 31.)  Following that, Plaintiff received a letter from MTA dated January 13, 2017, titled Notification of Resignation without Notice.  This letter advised Plaintiff that, due to her failure to provide medical documentation substantiating her absence from work following January 4, 2017,

---

[2] While Plaintiff alleges she was terminated on November 29, 2016, her allegations regarding events that occurred following November 29, 2016, suggest she was not terminated on that date.

or to contact her manager, she was considered to have resigned without notice effective January 6, 2017. *Id.* ¶¶ 65, 66.

On December 22, 2016, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging sex and disability discrimination, and retaliation. (ECF No. 1-1 ¶ 33.) On January 26, 2017, Plaintiff amended her EEOC charge. *Id.* ¶ 41. On March 20, 2017, Plaintiff attended a scheduled EEOC mediation hearing with MTA representatives. *Id.* ¶ 42. The mediation was unsuccessful. *Id.* ¶ 71-76.

On March 8, 2018, Plaintiff filed a lawsuit in this court against MTA and various MTA employees, in their individual and official capacities, alleging violations of the ADA, FMLA, and Title VII. *Hayes v. Maryland Transit Admin.*, No. CV RDB-18-0691, 2018 WL 5809681 (D. Md. Nov. 6, 2018), *aff'd sub nom. Hayes v. Gorman*, 748 F. App'x 519 (4th Cir. 2019). The Honorable Richard Bennett granted the defendants' motion for summary judgment and entered judgment in favor of the defendants with respect to Plaintiff's ADA, FMLA, Title VII, and MFEPA retaliation claims. *Id.* Plaintiff appealed the matter to the Fourth Circuit and did not prevail. *Hayes v. Gorman*, 748 F. App'x 519 (4th Cir. 2019). Subsequently, Plaintiff petitioned for *certiorari* to the United States Supreme Court; her petition was denied on October 7, 2019, as was her subsequent request for reconsideration. *Hayes v. Gorman*, 140 S. Ct. 93 (2019).

On April 8, 2023, Plaintiff filed the Complaint in the Circuit Court for Baltimore City. (ECF No. 1.) On May 5, 2023, Defendants removed the action to this court. *Id.* Construed liberally, the Complaint sets forth four counts: (Count I) Violation of the ADA, 42 U.S.C. §§ 12112, *et seq.*; (Count II) Violation of the FMLA, 29 U.S.C. §§ 2601, *et seq.*; (Count III) Title VII, 42 U.S.C. §§ 2000e, *et seq.*; and (Count IV) intentional infliction of emotional distress ("IIED"). (ECF No. 1-1.)

Defendants move to dismiss (or for summary judgment) on several grounds: (1) Plaintiff's claims are barred by the doctrine of *res judicata*; (2) Plaintiff's claims are barred by the statute of limitations; (3) Plaintiff's claims as against Defendants Arnold and Lowe under the federal discrimination statutes fail because supervisors cannot be held liable under Title VII, ADA, and FMLA; (4) Plaintiff's IIED claim against Defendants Arnold and Lowe fails because Defendants Arnold and Lowe are immune from suit as to any tort committed by them (or their successors); (5) Plaintiff fails to state a claim for IIED; and (6) Plaintiff has failed to comply with state requirements for bringing this suit. (ECF No. 16-1 at pp. 8, 12, 17-18, 22.)

## II.     LEGAL STANDARD

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment under Rule 56. "A motion with this caption implicates the court's discretion under Fed. R. Civ. P. 12(d)." *Snyder v. Md. Dep't of Transp.*, No. CCB-21-930, 2022 WL 980395, at *4 (D. Md. Mar. 31, 2022). Federal Rule of Civil Procedure 12(d) provides, "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). "Pursuant to Rule 12(d), the Court has discretion to determine whether to accept evidence outside the pleadings, and thus convert a Rule 12(b)(6) motion to a Rule 56 motion." *Coleman v. Calvert Cnty.*, No. GJH-15-920, 2016 U.S. Dist. LEXIS 130420, at *8 (D. Md. Sept. 22, 2016) (citations omitted).

The instant action is in its infancy; and there has been no discovery. Therefore, the court declines to convert the Motion to one for summary judgment. Accordingly, the court will construe the Motion under Rule 12(b)(6).

4

**Federal Rule of Civil Procedure 12(b)(6)**

A motion asserted under Rule 12(b)(6) "test[s] the legal sufficiency of a complaint." It does not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). Accordingly, a "Rule 12(b)(6) motion should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true and drawing all reasonable factual inferences from those facts in the plaintiff's favor, it appears certain that the plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Edwards*, 178 F.3d at 244 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)). The court, however, is ". . . not required to accept as true the legal conclusions set forth in a plaintiff's complaint." *Id.* at 244 (citing *District 26, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085 (4th Cir. 1979)).

### III.   CONSIDERATION OF EXHIBITS

As an initial matter, Defendants attach four exhibits to the Motion: Exhibit A— Plaintiff's 2018 Complaint (ECF No. 16-2); Exhibit B – Memorandum Opinion for Hayes v. Maryland Transit Administration, 2018 WL 5809681 (D. Md. Nov. 6, 2018) (ECF No. 16-3); Exhibit C – Fourth Circuit Opinion in Hayes v. Gorman, 748 F. App'x 519 (4th Cir. 2019) (ECF No. 16-4); and Exhibit D—Maryland Tort Claim Letter. (ECF No. 16-5.)

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), a court usually does not consider evidence outside of the complaint. A court may consider documents attached to a motion to dismiss if the document is "integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity." *Am. Chiropractic Ass'n, Inc. v. Trigon Healthcare Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (quoting *Phillips v. LCI Int'l Inc.,* 190 F.3d 609, 618 (4th Cir. 1999)).

5

"An integral document is a document that by its 'very existence, and not the mere information it contains, gives rise to the legal rights asserted.'" *Chesapeake Bay Found. Inc. v. Severstal Sparrows Point, LLC*, 794 F. Supp. 2d. 602, 611 (D. Md. 2011) (quoting *Walker v. S.W.I.F.T. SCRL*, 517 F. Supp. 2d 801, 806 (E.D. Va. 2007)). "In addition to integral and authentic exhibits, on a 12(b)(6) motion the court 'may properly take judicial notice of matters of public record.'" *Id.* (quoting *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Moreover, "when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

In the instant case, because Plaintiff does not dispute the facts from the previous proceedings, the court may take judicial notice of same. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Moreover, Exhibits A through C are matters of public record and Plaintiff does not dispute their authenticity. Thus, the court considers Exhibits A through C without converting the Motion to one for summary judgment. As to Exhibit D – the Maryland Tort Claim letter – the court may properly consider it, as it is referenced in the Complaint, (ECF No. 1-1 ¶ 50), and Plaintiff attaches the first page of the letter to her Complaint. Moreover, Plaintiff's entitlement to sue requires Plaintiff to provide notice to Defendants regarding the state tort IIED claim. (ECF No. 1-1 ¶ 50.) Accordingly, the court considers Exhibits A through D without converting the Motion into one for summary judgment.

## IV. ANALYSIS

As an initial matter, the court is ever-mindful that "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 U.S. Dist. LEXIS 18223, *6 (D. Md. Feb. 8, 2017)

(citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.*

### A. Defendants' Motion to Dismiss

Defendants argue that the Complaint must be dismissed because Plaintiff's claims are barred by the doctrine of *res judicata*. (ECF No. 16-1 at 8.) Specifically, Defendants contend there was a final judgment on the merits as to Plaintiff's ADA, FMLA, and Title VII claims; as to Plaintiff's IIED claim, Defendants argue that it could have litigated in the prior proceeding, and is therefore also barred. *Id.* at 9.

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *Orca Yachts, L.L.C. v. Mollicam, Inc.*, 287 F.3d 316, 318 (4th Cir. 2002). "Although an affirmative defense such as *res judicata* may be raised under Rule 12(b)(6) 'only if it clearly appears on the face of the complaint,' *Richmond, Fredericksburg & Potomac R. Co. v. Forst*, 4 F.3d 244, 250 (4th Cir.1993), when entertaining a motion to dismiss on the ground of *res judicata*, a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact."[3] *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

"Under the doctrine of *res judicata*, 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *Andrews*, 201 F.3d at 524 (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). Because Plaintiff brought her first action in federal court, "federal rules of *res judicata* apply." *Id.*; *see Kent Cty. Bd. of Educ. v. Bilbrough*,

---

[3] As set forth earlier, Plaintiff does not dispute the facts from the prior proceeding. Accordingly, the court may take judicial notice of the facts from the prior proceeding. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000).

309 Md. 487, (1987) ("Federal law determines the effects under the rules of res judicata of a judgment of a federal court.")). That notwithstanding, "[t]he elements of *res judicata* under federal law are analogous to those under Maryland law." *Jerry v. Allstate Ins. Co.*, 553 F. Supp. 3d 287, 292 (D. Md. 2021). "To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir. 1997) (internal quotation marks omitted), *cert. denied*, 523 U.S. 1072 (1998).

"'No simple test exists to determine whether causes of action are identical' in the *res judicata* analysis, 'and each case must be determined separately within the conceptual framework of the doctrine.'" *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017) (quoting *Pittston Co. v. United State*s, 199 F.3d 694, 704 (4th Cir. 1999)). "The conceptual framework we operate under is a transactional one, as we ask 'whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment' and whether 'the claims could have been brought in the earlier action.'" *Id.* (quoting *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 162 (4th Cir. 2008)). "To be in privity with a party to a former litigation, the non-party must be 'so identified in interest with a party to former litigation that he represents precisely the same legal right in respect to the subject matter involved.'" *Martin v. Am. Bancorporation Retirement Plan*, 407 F.3d 643, 651 (4th Cir. 2005) (quoting *Jones*, 115 F.3d at 1180).

Plaintiff does not dispute, and the court finds, that the first element—final judgment on the merits—is satisfied because the United States District Court for the District of Maryland previously entered judgment in favor of the defendants on Plaintiff's claims for retaliation under

the ADA, FMLA, Title VII and Plaintiff's remaining claims under the ADA, FMLA, Title VII, and 42 U.S.C. § 1985 were dismissed.  As to the second element—the identity of the cause of action—in both cases, Plaintiff complains regarding the handling of her request for disability accommodation, the scheduling issues, the denial of her FMLA leave, and her subsequent termination from MTA.  Thus, it is clear that Plaintiff's current action and the previous action arise out of "the same transaction or series of transactions or the same core of operative facts."  *In re Varat Enters., Inc.*, 81 F.3d 1310, 1316 (4th Cir. 1996).  In sum, Plaintiff has brought essentially the same suit based upon the same conduct that occurred during her employment at MTA.  Additionally, it is immaterial that Plaintiff's IIED claim was not adjudicated in her first action because "*res judicata* not only bars claims that were actually litigated in a prior proceeding, but also claims that could have been litigated." *Pueschel v. U.S.*, 369 F.3d 345, 355-56 (4th Cir. 2004) (citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.")).  Indeed, the alleged conduct occurred prior to the filing of the 2018 lawsuit and Plaintiff alleges various instances of emotional distress that would have been apparent at the time she filed the lawsuit in 2018.  (ECF No. 1-1 ¶¶ 17, 20, 25, 59-61, 63, 78.)

Lastly, the court finds that the third element—the identity of parties or their privies—is satisfied.  In the first action, Plaintiff filed suit against Defendants MTA and several MTA employees in their individual and official capacities.  In the instant action, Plaintiff filed suit against Defendants MTA, and MTA employees in their official capacities.  Plaintiff argues that the parties are not identical because the individual Defendants—MTA employees—are different.  The court disagrees.  In general, "the privity requirement assumes that the person in privity is so identified in interest with a party to former litigation that he represents precisely the same legal

9

right in respect to the subject matter involved." *Jones v. SEC*, 115 F.3d 1173, 1180 (4th Cir. 1997). Moreover, the court has found "that a government official in his official capacity does not represent 'precisely the same legal right' as he does in his individual capacity." *Andrews v. Daw*, 201 F.3d 521, 525 (4th Cir. 2000). Here, Defendants Arnold and Lowe are sued in their official capacities and as successors to the individuals who previously held their respective MTA positions. Indeed, Plaintiff, citing Federal Rule of Civil Procedure 25(d),[4] acknowledges that Defendant Lowe is the successor of Gerry Grant, the previous Deputy Director of the Office of Labor and Employee Relations, and Defendant Arnold is the successor of Paul Comfort, the previous Administrator of MTA. (ECF No. 1-1 at p. 17, 19.) Therefore, privity exists with respect to Plaintiff's claims against Defendants MTA, and Arnold and Lowe, in their official capacities.

Accordingly, *res judicata* bars Plaintiff's claims. While this alone warrants dismissal of Plaintiff's Complaint, as discussed below, Plaintiff's claims are also barred by the statute of limitations.

### 2.     *Statute of Limitations*

Defendants also argue that Plaintiff's claims are barred by the statute of limitations or are otherwise untimely filed. (ECF No. 16-1 at 12.)

In *Woodbury v. Victory Van Lines*, the court succinctly explained:

> Before suing in federal court, a prospective Title VII or ADA plaintiff must first file an administrative charge with the EEOC or an appropriate state or local agency. 42 U.S.C. § 2000e–5(b), (f)(1). If the EEOC declines to take action on the charge, it issues a "right-

---

[4] Federal Rule of Civil Procedure 25(d) provides:

> An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded. The court may order substitution at any time, but the absent of such an order does not affect the substitution.

10

> to-sue letter" informing the plaintiff of its decision and the opportunity to file suit. 42 U.S.C. § 2000e–5(f)(1); 29 C.F.R. § 1601.28. The plaintiff has 90 days following the receipt of this letter to file suit. 42 U.S.C. § 2000e–5(f)(1). This deadline is not jurisdictional but is instead treated as a statute of limitations subject to equitable tolling. *See Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987); *Weathersbee v. Balt. City Fire Dep't*, 970 F.Supp.2d 418, 426–27 (D. Md. 2013); *see also Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (holding that the deadline to file an EEOC charge is not jurisdictional and is subject to equitable tolling).
>
> In the Fourth Circuit, the limitations period starts when the right-to-sue letter is delivered to the plaintiff's home, not when the plaintiff actually receives it. *Harvey*, 813 F.2d at 654. However, "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Id.*; *see also Watts–Means v. Prince George's Family Crisis Ctr.*, 7 F.3d 40, 42 (4th Cir. 1993). If there is no evidence regarding when the plaintiff received the right-to-sue letter, the court presumes receipt three days after it was mailed, pursuant to Federal Rule of Civil Procedure 6(d). *Weathersbee*, 970 F.Supp.2d at 427; *see also Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Nguyen v. Inova Alexandria Hosp.*, No. 98-2215, 1999 WL 556446, at *3 (4th Cir. July 30, 1999).

286 F. Supp. 3d 685, 696 (4th Cir. 2017).

Here, Plaintiff does not allege that she received a right-to-sue letter or that the current suit was filed within the 90-day time frame. Rather, Plaintiff alleges that she filed charges with the EEOC on December 22, 2106. (ECF No. 1-1 ¶ 33.) Subsequently, after an unsuccessful mediation, on March 8, 2018, Plaintiff filed a complaint in the United States District Court for the District of Maryland. *Id.* ¶ 44. Construed in the light most favorable to Plaintiff, it appears Plaintiff would have received a right-to-sue letter prior to filing the first action on March 8, 2018, in this court. Here, however, Plaintiff did not file the Complaint until 2023, which is well over 90 days after she would have received the right-to-sue letter. Accordingly, Plaintiff's Title VII and ADA claims are barred by the statute of limitations.

As to Plaintiff's FMLA claim, suit must be brought within two years "after the date of the last event constituting the alleged violation for which the action is brought," unless the violation was willful, in which case the statute of limitation is three years. 29 U.S.C. § 2617 (c). The alleged conduct regarding Plaintiff's FMLA claim occurred in April 2016. (ECF No. 1-1 ¶ 7.) Plaintiff did not file the instant case until April 3, 2023. Accordingly, Plaintiff's FMLA claim is time barred.

As to Plaintiff's IIED claim, Maryland law requires that a civil action be brought within three years of the date that it accrues. MD CODE ANN., CTS. & JUD. PROC. § 5–101 (1991). Plaintiff seeks to invoke the discovery rule to avoid dismissal of her IIED claim. The discovery rule provides that "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F. Supp. 2d 443, 449 (D. Md. 2010). "This standard, however, does not require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 168 (2004) (quoting *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351 (2003)). "A plaintiff is put on inquiry notice when he, she, or it possesses 'facts sufficient to cause a reasonable person to investigate further, and ... [that] a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'" *Id.* (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448–49 (1988)). The Supreme Court of Maryland has held that the discovery rule is applicable generally in all actions. *Poffenberger v. Risser*, 290 Md. 631, 636 (1981).

In the instant case, Plaintiff alleges she suffered extreme emotional distress as a result of the alleged employment violations that began when she experienced her first panic attack at work in 2016. (ECF No. 1-1 ¶¶ 59-60.) Plaintiff generally alleges conduct in support of her IIED claim

that occurred in 2016 and 2017 – all of which would have been readily apparent prior to April 3, 2020. (ECF No. 1-1 ¶¶ 17, 20, 25, 59-61, 63, 78.) Accordingly, Plaintiff's IIED claim, filed almost seven years after her alleged first panic attack and alleged termination, is untimely. Because the court finds that Plaintiff's Complaint is barred by the doctrine of *res judicata* and the statute of limitations, the court declines to address Defendant's remaining arguments.

### B. Plaintiff's Motion to Alter or Amend Judgment

The court also has before it Plaintiff's Motion to Alter or Amend Judgment. (ECF No. 6.) In the Motion, Plaintiff offers additional argument regarding how the discovery rule applies to her IIED claim. *Id.*

Pursuant to Federal Rule of Civil Procedure 59(e), the court may alter or amend an earlier judgment. The Fourth Circuit has recognized three grounds on which the court may do so: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *United States ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284. 290 (4th Cir. 2002); *see Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396. 403 (4th Cir. 1998) (noting that a motion to alter or amend an earlier judgment "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment"). In the instant case, there has been no judgment entered for the court to alter or amend. Accordingly, Plaintiff's Motion to Alter or Amend Judgment will be denied.

### IV. CONCLUSION

For the reasons set forth herein, by separate order, Defendants' Motion to Dismiss Plaintiff's Complaint or, in the Alternative, for Summary Judgment (ECF No. 16), construed as a

motion to dismiss per Rule 12(b)(6) is GRANTED, and Plaintiff's Motion to Alter or Amend Judgment (ECF No. 6) is DENIED.

/S/

_____
Julie R. Rubin
United States District Judge

December 21, 2023

14